IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EVETTE NIXON-GROSS,

                Petitioner,

    v.

NANCY A. BERRYHILL,[1]
Acting Commissioner of the Social Security
Administration,

                Respondent.

CIVIL ACTION
NO. 16-4572

**OPINION**

**Slomsky, J.**                                                                                                              April 26, 2018

## I. INTRODUCTION

Before the Court are the Objections of Plaintiff Evette Nixon-Gross to the Report and Recommendation of United States Magistrate Judge David R. Strawbridge. (Doc. No. 13.) On August 22, 2016, Plaintiff filed a Complaint against Defendant Commissioner of the Social Security Administration alleging that Defendant wrongfully denied Plaintiff disability insurance benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-434. (Doc. No. 1.) On March 30, 2017, the Court referred the case to Magistrate Judge Strawbridge for a Report and Recommendation ("R&R"). (Doc. No. 11.) On September 29, 2017, Magistrate Judge Strawbridge issued the R&R, recommending that Plaintiff's request for review be denied.

---

[1] Nancy A. Berryhill is the acting Commissioner of the Social Security Administration. Pursuant to Rule 24(d) of the Federal Rules of Civil Procedure, Berryhill replaces Carolyn W. Colvin as Defendant in this case, and no further action is needed to meet the requirement of the final sentence of 42 U.S.C. § 405(g), which states:

> Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.

(Doc. No. 12.) On October 4, 2017, Plaintiff timely filed Objections. (Doc. No. 13.) On October 5, 2017, Defendant filed a Response to Plaintiff's Objections. (Doc. No. 15.)

Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the portions of the R&R to which objections have been made. After independently reviewing the Administrative Record ("Record") and for reasons that follow, the Court will adopt and approve the R&R (Doc. No. 12) in its entirety.

## II. BACKGROUND

### A. Factual and Procedural Background

Plaintiff Evette Nixon-Gross was born on April 9, 1962 and was forty-nine years old on the date her alleged disability began. (Administrative Record ("R.") at 182.) Plaintiff is a college graduate. (R. at 207.) From 1995 to 2007, she was employed full time as a contract specialist and project manager for the Philadelphia Housing Authority, and from 2008 to 2012, she was employed full time as a school district police officer. (Id.)

On November 29, 2012, Plaintiff applied for DIB, alleging a disability commencing February 12, 2012. (R. at 182.) It is unclear from the Record what occurred on February 12, 2012 to cause Plaintiff's disability, but this was the date that Plaintiff notified the school district that she needed to take medical leave. (R. at 181.) On March 1, 2012, Plaintiff sought psychological services. (R. at 354.) On March 21, 2012, while on leave, she was involved in a motor vehicle accident. (R. at 318.) The accident left her unable to work and led to her formal separation from the school district in October 2012. (R. at 566.) In her application for DIB, Plaintiff reported that her ability to work was limited by depression, anxiety, left facet injury, panic attacks, cervical spine sprain and strain, protruding lumbar disc, and deformity of left wrist/severe pain. (R. at 206.)

On February 15, 2013, Plaintiff's application was denied (R. at 115-19), and on March 8, 2013, she requested a hearing before an Administrative Law Judge ("ALJ") (R. at 132). On June 13, 2014, an administrative hearing was held before ALJ Regina Warren. (R. at 40-100.) At the hearing, Plaintiff was represented by counsel, and Plaintiff and a vocational expert testified. (R. at 22.) In addition to hearing testimony, the ALJ considered Plaintiff's medical records from various physicians. (R. at 274-355.)

On December 30, 2014, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act and denied her request for DIB. (R. at 33.) Plaintiff filed a request for review of the ALJ's decision with the Social Security Appeals Council (R. at 17-18), and on June 20, 2016, the Appeals Council denied her request (R. at 1-4).

On August 22, 2016, Plaintiff filed the Complaint in this Court, seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g). (Doc. No. 1.) The Court referred the matter to Magistrate Judge David R. Strawbridge for an R&R. (Doc. No. 11.) On September 29, 2017, the Magistrate Judge filed an R&R recommending that Plaintiff's request for review be denied. (Doc. No. 12.) On October 4, 2017, Plaintiff filed Objections to the R&R (Doc. No. 13), which are now ripe for a decision.

### B. Relevant Social Security Administration Regulations

To prove a "disability," a claimant must demonstrate "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). The claimant has the burden of proving the existence of a disability and can satisfy this burden by showing an inability to return to former work. Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979). If she does so, the burden shifts to the Commissioner to show that, given the claimant's age, education, and work

experience, she is able to perform specific jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 416.920(f).

When evaluating a disability, the Social Security Administration uses a five-step process, which is followed in a set order:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

§ 404.1520(a)(4)(i)-(v).

Between the third and fourth steps, the Social Security Administration assesses a claimant's residual functional capacity, which is "the most [a claimant] can do despite [their] limitations." § 404.1545(a)(1). The Social Security Administration uses the residual functional capacity ("RFC") assessment at Step Four to determine if the claimant is able to do their "past relevant work." § 404.1545(a)(5)(i). "Past relevant work" is "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." § 404.1560(b)(1).

## C. The ALJ's Decision

At the hearing held on June 13, 2014, the ALJ heard testimony from Plaintiff and vocational expert Rabia B. Rosen. The ALJ considered medical opinions of David K. Stricklan, M.D.; Mark D. T. Allen, D.O.; Laura Russo, Psy.D.; Ely Sapol, Ph.D.; and Paul Kettl, M.D., among other medical evidence. After reviewing the evidence in the Record and proceeding through the five-step evaluation process, the ALJ concluded that Plaintiff was not disabled. (R. at 33.)

First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 12, 2012, the alleged onset date. (R. at 24.) Second, the ALJ concluded that Plaintiff suffers from two severe impairments: residuals from a left wrist fracture and major depressive disorder. (Id.) Third, the ALJ concluded that neither of Plaintiff's impairments, alone or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 26-27.)

The ALJ concluded that Plaintiff had an RFC to perform a limited range of light work as defined in 20 C.F.R. § 404.1567(b). (R. at 27.) As to Plaintiff's physical impairments, the ALJ explained:

> Specifically, the claimant can frequently lift and carry up to 10 pounds, occasionally lift and carry up to 20 pounds, but she is limited to lifting 10 pounds with her upper left extremity. She can sit for six hours in an eight-hour workday, stand/walk for six hours in an eight-hour workday, has an unlimited ability to push and pull with her right upper extremity and can occasionally push and pull with her left upper extremity. The claimant can frequently climb stairs but cannot climb ladders. She can frequently balance and occasionally stoop, kneel, and crouch. She cannot crawl. She must avoid working in areas of hazards such as unprotected heights, and around loud noises and vibrations. She does not have any manipulative limitations with her right upper extremity regarding gross and fine motor skills such as fingering and feeling. She can frequently use her left upper extremity for gross and fine motor movements such as fingering and feeling.

(R. at 27-28 (emphasis omitted).) As to her mental impairments, the ALJ concluded:

5

> Mentally, the claimant can understand and carry out instructions sufficient for performing unskilled work, maintain attention and concentration for two-hour periods throughout and an eight hour workday with normal breaks, work independently on assignments without constant or occasional supervision, make simple work-related decisions, and requires a low stress environment with no continuous interaction with the public, be around coworkers or supervisors but works best in independent work assignments with little or no social contact required, and, with few if any changes in the workplace and the changes should be gradually introduced.

(R. at 28 (emphasis omitted).)

Fourth, the ALJ concluded that Plaintiff was unable to perform any past relevant work as a school bus monitor, school police officer, or contract specialist. (R. at 32.) Fifth, considering Plaintiff's age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. (Id.) These jobs include linen grater, housekeeper, and garment sorter. (R. at 33.) Thus, the ALJ found that Plaintiff was not disabled as defined in the Act from February 12, 2012 to the date of the decision. (Id.)

### III. STANDARD OF REVIEW

When reviewing a final decision of the Commissioner of Social Security, the Court must determine whether the record demonstrates substantial evidence to support the Commissioner's decision. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "more than a mere scintilla . . . [and includes] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cherry v. Barnhart, 29 F. App'x 898, 901 (3d Cir. 2002) (quoting Richardson v. Perales, 402 U.S. 389, 407 (1971)). The Commissioner's findings of fact, as long as they are supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g).

Because the Commissioner adopts an ALJ's decision as his findings of fact, the ALJ must set out a specific factual basis for each finding. Baerga v. Richardson, 500 F.2d 309, 312 (3d Cir.

6

1974); see also 42 U.S.C. § 405(b)(1).[2] An ALJ must consider, evaluate, and refer to specific medical evidence in the record in his decision. See Reefer v. Barnhart, 326 F.3d 376, 381-82 (3d Cir. 2003). Based on this evidence, an ALJ determines whether a claimant proved a "disability," and the Commissioner adopts this decision as his finding of fact. Even if the record offers evidence that undermines the ALJ's conclusion, the Court will not overrule the decision of the ALJ unless the ALJ's finding is not supported by substantial evidence. Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate," not "a mere scintilla." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 118 (3d Cir. 2000) (citing Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)).

## IV. ANALYSIS

Plaintiff makes two objections to the R&R, which recommends that the Court affirm the ALJ's decision to deny Plaintiff's claim for DIB under Title II of the Social Security Act. (Doc. No. 13.) Although the Objections are identical to claims presented to and considered by the Magistrate Judge, they are nonetheless entitled to de novo review by this Court. Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011).

First, Plaintiff objects to the Magistrate Judge's conclusion that substantial evidence supports the ALJ's finding that Plaintiff's lumbar impairment was non-severe and did not impact

---

[2] Section 405(b)(1) provides in relevant part:

> The Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under this subchapter. Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based. . . .

42 U.S.C. § 405(b)(1).

her ability to perform the prolonged standing and walking required to meet the physical demands of light work. (Doc. No. 13 at 1.) Second, Plaintiff objects to the Magistrate Judge's conclusion that substantial evidence supports the ALJ's finding that Plaintiff retained the mental capacity to perform unskilled work with few workplace changes, provided she did not have continuous interaction with the public or more than little contact with co-workers and supervisors. (Id. at 2-3.) The Court will discuss each Objection in turn.

> A. **The Magistrate Judge Properly Concluded that Substantial Evidence Supports the ALJ's Finding that Plaintiff's Lumbar Impairment Was Non-Severe**

Plaintiff contends that the Magistrate Judge erred by concluding that substantial evidence supports the ALJ's finding that Plaintiff's lumbar impairment was non-severe and did not impact her ability to meet the physical demands of light work. (Doc. No. 13 at 1.) She argues that the Magistrate Judge inaccurately characterizes the Record. (Id.) Specifically, she takes issue with two of the Magistrate Judge's conclusions related to Plaintiff's alleged lumbar impairment. First, she argues that the Magistrate Judge's finding that "the records do not show any reference to back pain in the six months before Dr. Stricklan completed the questionnaire" is incorrect.[3] (Id. at 1-2.) Second, she contends that the Magistrate Judge incorrectly concluded that substantial evidence supports the ALJ's finding that Plaintiff's treating orthopedic surgeon, Dr. Allen, observed "only some decreased range of motion and tenderness" and that Plaintiff underwent no significant treatment for back pain. (Id. at 2.) Both arguments are without merit.

---

[3] The questionnaire to which Plaintiff refers is an impairment questionnaire completed by Dr. Stricklan on June 12, 2014. (R. at 808-11.) In the questionnaire, Dr. Stricklan concluded that in an eight-hour shift, Plaintiff could only perform a job in a seated position for one hour and could perform a job standing and/or walking for less than one hour. (R. at 809.)

### 1. The Magistrate Judge Accurately Characterizes Dr. Stricklan's Medical Records

First, the Magistrate Judge accurately characterizes the medical records of Dr. David K. Stricklan, Plaintiff's treating physician. As noted, Plaintiff argues that the Magistrate Judge's statement that "the records do not show any reference to pain in the six months before Dr. Stricklan completed the questionnaire" is inaccurate. (Doc. No. 13 at 1.) She argues that this statement is inaccurate because the questionnaire, completed by Dr. Stricklan on June 12, 2014, as well as Dr. Stricklan's notes from April 28, 2014 and June 6, 2014, all document Plaintiff's complaints of back pain. (Id. at 2.) Plaintiff's apparent objective in highlighting this statement is to argue that the ALJ was incorrect in finding that Dr. Stricklan's functional assessment was not supported by "objective medical evidence." (See R. at 30.)

> The full paragraph containing the statement to which Plaintiff takes issue provides:
>
> Dr. Stricklan's records, as the Plaintiff admits, are not extensive or detailed. They do show occasional complaints of back pain and the doctor's impression that there is a lumbar sprain. (R. 590-656.) The doctor also prescribed painkillers but only occasionally, and the records do not show any other attempted treatment for the back. Importantly, the records do not show any reference to pain in the six months before Dr. Stricklan completed the [June 2014] questionnaire.

(Doc. No. 12 at 10-11.) The Magistrate Judge's conclusion here was that Dr. Stricklan was not treating Plaintiff for back pain when he completed an impairment questionnaire stating that in an eight-hour shift, Plaintiff could only perform a job in a seated position for one hour and could perform a job standing and/or walking for less than one hour. It is clear from Plaintiff's medical records that although she complained of back pain during the six months before Dr. Stricklan completed the June 2014 questionnaire, Dr. Stricklan was not treating Plaintiff for back pain at that time. (R. at 632, 636, 639, 642, 645, 700, 703, 706, 709, 712.) As such, the Magistrate Judge found that there was "ample support for the ALJ's finding that Dr. Stricklan's functional assessment [was] not supported by 'objective medical evidence of any severe medically

9

determinable impairment' and that it is 'both speculative and simply not supported by the records.'" (Doc. No. 12 at 12 (quoting R. at 30).) Accordingly, the Magistrate Judge did not mischaracterize Dr. Stricklan's medical records.

But even if this one sentence were a mischaracterization of the Record, which it was not, this single unsupported finding would not render the entirety of the ALJ's determination unsupported. See McCall v. Colvin, No. CV 13-4770, 2015 WL 9302929, at *8 (E.D. Pa. Dec. 22, 2015) (finding that even if the ALJ committed an isolated mischaracterization of evidence, this one mischaracterization would be insufficient to render the ALJ's decision invalid in the face of other substantial evidence); Casey v. Colvin, No. 3:12-CV-02272, 2014 WL 4258716, at *11 n.14 (M.D. Pa. Aug. 27, 2014) ("[A] single unsupported finding by the ALJ . . . does not undermine the ALJ's otherwise supportable . . . findings.") (quoting Quiver v. Colvin, No. CIV-13-41-F, 2014 WL 769159, at *5 (W.D. Okla. Feb. 26, 2014))). There was sufficient evidence for the ALJ to conclude that Plaintiff's lumbar impairment was non-severe. (See, e.g., R. at 319, 410, 423-24, 430, 544.) Thus, Plaintiff's argument is without merit.

### 2. The Magistrate Judge Properly Affirmed the ALJ's Interpretation of Dr. Allen's Opinion

Second, the Magistrate Judge correctly concluded that substantial evidence supports the ALJ's interpretation of the opinion of Dr. Mark D. T. Allen, Plaintiff's treating orthopedic surgeon. Plaintiff specifically takes issue with the fact that the Magistrate Judge accepted the ALJ's finding that Dr. Allen observed "only some decreased range of motion and tenderness" and that Plaintiff underwent no significant treatment for back pain. (Doc. No. 13 at 2.) She contends that the Magistrate Judge unreasonably dismissed her argument that Dr. Allen's submissions lend support to Dr. Stricklan's opinion. (Id.)

The Magistrate Judge correctly concluded that substantial evidence supports the ALJ's interpretation of Dr. Allen's opinion. The ALJ explained that Plaintiff complained of back pain after her March 2012 car accident, but noted that her x-rays were normal and that a "July 23, 2012 MRI showed disc protrusion at L3/4 and L4/5." (R. at 25.) In describing Dr. Allen's findings, the ALJ stated:

> Dr. Allen also treated the claimant for her complaints of back pain but her physical examinations only showed some decreased range of motion and tenderness. Her straight leg raising was negative and she did not have any neurological deficits (Exhibits 7F and 10F). Records through 2014 only note occasional complaints of back pain for which she was prescribed pain medication (Exhibits 16F, 17F, and 19F).

(Id.)

Although the ALJ did not specifically recount Dr. Allen's note that Plaintiff had "significant loss of function of the lumbar spine and affected nerve roots," as Plaintiff argues she should have, the ALJ is not required to discuss every piece of medical evidence in the Record. See Mays v. Barnhart, 227 F. Supp. 2d 443, 449 (E.D. Pa. 2002) (stating that "the ALJ is not required to discuss every medical record; he need only explain his evaluation of the relevant medical evidence" (quoting Versace v. Barnhart, No. 01-cv-3909, 2002 WL 1880526, at *2 (E.D. Pa. Aug. 14, 2002))), aff'd, 78 F. App'x 808 (3d Cir. 2003). The Record clearly reflects that the ALJ considered Dr. Allen's treatment records and used them in her findings. See Moraes v. Comm'r Soc. Sec., 645 F. App'x 182, 186 (3d Cir. 2016) (citing Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001)). Moreover, this Court is not permitted to "re-weigh the evidence or substitute its own judgment for that of the ALJ." Bryan v. Comm'r of Soc. Sec., 383 F. App'x 140, 145 (3d Cir. 2010) (quoting Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002)).

The ALJ's finding that Plaintiff's back pain was non-severe was based on various medical records, including those of Drs. Stricklan and Allen, as well as Plaintiff's x-ray and

MRI. See id. (concluding that a court must "uphold the Commissioner's decision even if there is contrary evidence that would justify the opposite conclusion, as long as the 'substantial evidence' standard is satisfied" (citing Simmonds v. Heckler, 807 F.2d 54, 58 (3d Cir. 1986))). Thus, the Magistrate Judge's conclusion that the ALJ's interpretation of Dr. Allen's opinion was supported by substantial evidence was correct. See Elfadly v. Comm'r of Soc. Sec., 588 F. App'x 93, 94 (3d Cir. 2014) (per curiam) (stating that the district court is bound by an ALJ's factual findings if they are supported by substantial evidence, even if the district court would have decided them differently (quoting Hartranft v. Apfel, 191 F.3d 358, 360 (3d Cir. 1999))). Accordingly, the ALJ's finding that Plaintiff's lumbar impairment was non-severe was supported by substantial evidence, and Plaintiff's first Objection is without merit.

B. **The Magistrate Judge Properly Concluded that Substantial Evidence Supports the ALJ's Finding that Plaintiff Retained the Mental Capacity to Perform Unskilled Work with Few Workplace Changes**

Plaintiff argues that the Magistrate Judge incorrectly concluded that substantial evidence supports the ALJ's finding that Plaintiff retained the mental RFC to perform unskilled work with few workplace changes, provided she did not have continuous interaction with the public or more than little contact with co-workers and supervisors. (Doc. No. 13 at 2-3.) She contends that the RFC did not account for the opinion of examining consultant psychologist, Dr. Ely Sapol, that Plaintiff was markedly limited in her ability to respond to workplace pressures. (Id. at 3.) Plaintiff asserts that the ALJ unreasonably rejected Dr. Sapol's opinion, incorrectly concluding that Dr. Sapol's finding that Plaintiff could not respond to workplace pressures in a usual work setting referred only to her ability to perform her past job as a school police officer. (Id.)

The ALJ's finding regarding Plaintiff's mental RFC is supported by substantial evidence. As noted, the RFC is defined as "that which an individual is still able to do despite the

limitations caused by his or her impairment(s)." Fargnoli, 247 F.3d at 40 (quoting Burnett, 220 F.3d at 121). When determining an individual's RFC, the ALJ must consider all relevant evidence before her. Id. at 41 (citations omitted). "In evaluating medical reports, the ALJ is free to choose the medical opinion of one doctor over that of another." Diaz v. Commissioner, 577 F.3d 500, 505 (3d Cir. 2009) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). In the Third Circuit, "opinions of a claimant's treating physician are entitled to substantial and at times even controlling weight." Fargnoli, 247 F.3d at 43 (citing 20 C.F.R. § 404.1527(d)(2)). Generally, it is appropriate to give less weight to an agency examiner who examined plaintiff on only one occasion than to a treating physician. See § 416.927(d)(2)(i) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion.").

In this case, Dr. Sapol was a consulting psychologist who only examined Plaintiff on one occasion to perform a disability evaluation. (R. at 565.) The ALJ stated that he "d[id] not give any weight to [Dr. Sapol's] opinion because it [was] based on a one-time exam and [was] limited to the claimant's ability to return to her past work as a school police officer." (R. at 30.) This finding was permissible because the ALJ is free to give less weight to an agency examiner who sees Plaintiff on only one occasion. See § 416.927(d)(2)(i).

Instead, the ALJ found that given Plaintiff's limited treatment and lack of documentation of panic attacks or decompensation, the Record did not support Plaintiff's alleged disability due to anxiety and depression. (R. at 29.) The ALJ gave the opinion of examining physician, Dr. Paul Kettl, partial weight because his was a treating source opinion. (R. at 31.) The ALJ noted, however, that Dr. Kettle only saw Plaintiff three times, and Plaintiff's mental status examinations revealed that she had normal thought processing. (Id.) The ALJ based his findings regarding

13

Plaintiff's mental capacity on the opinion of Dr. Kettle, as well as on Plaintiff's normal thought process on exam, limited treatment, activities of daily living, ability to concentrate to watch two-hour segments of television, and limited social functioning. (R. at 32.)

Moreover, as the Magistrate Judge properly notes, even though the ALJ gave no weight to the opinion of Dr. Sapol and found that Plaintiff had only moderate limitations on the ability to perform in the workplace, the ALJ's RFC imposes mental limitations including "a low stress environment with no continuous interaction with the public." (R. at 28.) Thus, this RFC takes into account Plaintiff's impairment in the ability to respond to changes and pressures in the usual workplace setting. Accordingly, the ALJ's decision to afford Dr. Sapol's opinion no weight was permissible, and his opinion regarding Plaintiff's mental RFC is supported by substantial evidence. Therefore, Plaintiff's second Objection is without merit.

## V.     CONCLUSION

Defendant's objections to the R&R filed by Magistrate Judge Strawbridge will be overruled. The R&R (Doc. No. 12) will be approved and adopted in its entirety. An appropriate Order follows.